IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | Cr. No. 7:06-506-HMH |
| vs. | ) | |
| | ) | |
| Robert William Cole, | ) | **OPINION & ORDER** |
| | ) | |
| Movant. | ) | |

This matter is before the court on Robert William Cole's ("Cole") motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. After a thorough review of the facts and pertinent law, the court summarily dismisses Cole's § 2255 motion.

## I. Factual and Procedural Background

On October 17, 2006, Cole pled guilty to trafficking in counterfeit goods and services pursuant to 18 U.S.C. § 2320. Michael A. MacKinnon ("MacKinnon") represented Cole at plea and sentencing. On January 17, 2007, Cole was sentenced to eighteen (18) months imprisonment. Cole filed the instant § 2255 motion on September 12, 2007.[1]

In his § 2255 motion, Cole raises the following claims: (1) his arraignment and bond hearing were conducted without legal representation and no court minutes were recorded; (2) MacKinnon was constitutionally ineffective for pressuring Cole to plead guilty; and (3) an improper investigation was conducted because the evidence was never authenticated through customs. (§ 2255 Mot., generally.) The court will address each of Cole's alleged grounds for relief below.

---

[1] See Houston v. Lack, 487 U.S. 266 (1988).

1

## II. DISCUSSION OF THE LAW

### A. Legal Representation

Cole alleges that his Sixth Amendment right to counsel was violated because he did not have legal representation at his arraignment or bond hearing. (§ 2255 Mot. 5.) This claim is without merit. Even assuming that Cole's right to counsel attached at arraignment, his "lack of counsel at his arraignment was plainly harmless beyond a reasonable doubt . . . because [Cole] pleaded not guilty and requested a jury trial, he did not waive any rights at the arraignment, and he was left free to enter into subsequent plea negotiations if he so desired." United States v. Owen, 407 F.3d 222, 229 (4th Cir. 2005).

### B. Ineffective Assistance of Counsel

Cole argues that MacKinnon was constitutionally ineffective for pressuring him to plead guilty and believing that his "case was not winable." (§ 2255 Mot. 6.) In order to successfully challenge a conviction or sentence on the basis of ineffective assistance of counsel, Cole must demonstrate that his counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by his counsel's deficient performance. See Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. With respect to the second prong, Cole must demonstrate a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

As to Cole's allegation of ineffective assistance of counsel, he fails to explain how MacKinnon pressuring him to plead guilty constituted ineffective assistance of counsel.

2

"Counsel may . . . advise his client to plead guilty if that advice falls within the range of reasonable competence under the circumstances." United States v. Cronic, 466 U.S. 648, 656-57 n.19 (1984). Pursuant to the presentence investigation report, the advisory guideline range was 27 to 33 months imprisonment. However, by pleading guilty and cooperating with the Government, Cole was sentenced to eighteen months imprisonment because he received a downward departure based on substantial assistance. By recommending that Cole plead guilty, MacKinnon was able to achieve a substantially lower sentence for Cole. Based on the foregoing, Cole's conclusory allegations fail to show that MacKinnon acted in an objectively unreasonable manner in recommending that Cole plead guilty.

Moreover, Cole's claim that MacKinnon pressured him to plead guilty "is properly construed not as a claim of ineffective assistance of counsel, but rather as a claim that h[is] guilty plea was not knowing, voluntary, and intelligent. As such, it is procedurally defaulted as a result of petitioner's failure to raise it on direct review." Gao v. United States, 375 F. Supp. 2d 456, 465 (E.D. Va. 2005) (citing Bousley v. United States, 523 U.S. 614, 621 (1998) ("[T]he voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review.")). In addition, under oath Cole stated that no one forced, threatened, or coerced him to plead guilty. Further, Cole has failed to show cause or prejudice from failing to raise this claim on direct appeal. Id. As such, this claim is without merit and warrants no further consideration.

### C. Incomplete Investigation

Cole alleges error as follows: "The evidence was never authenticate [sic] through customs. The pricing was not the true value of the goods seized. The paper work was never

signed off in the customs lab in which would have proven that all my goods were not replicas." (§ 2255 Mot. 8.) The court is unclear what Cole is attempting to allege. However, Cole pled guilty. "A voluntary and intelligent guilty plea is an admission of all the elements of a formal criminal charge . . . and constitutes an admission of all material facts alleged in the charge." United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993) (internal quotation marks and citation omitted). "Furthermore, a guilty plea constitutes a waiver of all nonjurisdictional defects . . . including the right to contest the factual merits of the charges." Id. (internal quotation marks and citation omitted). Based on the foregoing, Cole's voluntary guilty plea waived this claim.

It is therefore

**ORDERED** that Cole's § 2255 motion is summarily dismissed.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
November 20, 2007

### NOTICE OF RIGHT TO APPEAL

The movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.